# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, <br><br> Defendant. | Case No.: 1:15-cv-00760 --- JLT <br><br> ORDER GRANTING PETITION TO APPOINT DENISE BONILLA AS GUARDIAN AD LITEM FOR THE MINOR PLAINTIFFS <br><br> (Doc. 3) |

Minor children, D.G., D.E.G. and G.D., along with Ramona Nunez, initiated this action related to the shooting death of the children's father/putative father and Ms. Nunez's son, David Garcia. (Doc. 1) The children petition the Court to appoint their mother, Denise Bonilla, as their guardian ad litem in this action. (Doc. 3)

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Here, Ms. Bonilla resides in Kern County, California, presumably with the children (*See* Doc. 3 at 2), such that the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal.

Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal.App.4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). The decision to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

Denise Bonilla is the natural mother of the children born in 2003, 2004 and 2001. (Doc. 3 at 2) Because the children are under the age of eighteen, they are minors under California law. *See* Cal. Fam. Code § 6502. Consequently, as minors, their ability to bring suit is contingent upon the Court's appointment of a guardian ad litem. Upon review of the complaint, it does not appear Ms. Bonilla has any interests that are adverse to the child's. Accordingly, Ms. Bonilla's appointment as guardian ad litem for her children is appropriate.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The petition for appointment of Denise Bonilla as guardian ad litem for the children, D.G., D.E.G. and G.D. (Doc. 3) is **GRANTED**; and
2. Denise Bonilla is authorized to prosecute this action on the children's behalf.

IT IS SO ORDERED.

Dated: **May 20, 2015**            **/s/ Jennifer L. Thurston**
                        UNITED STATES MAGISTRATE JUDGE