1 | CHAIN | COHN | STILES
Matthew C. Clark, Esq. (SBN 218784) | mclark@chainlaw.com
2 | Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com
1731 Chester Avenue
3 | Bakersfield, CA 93301
Telephone:  (661) 323-4000
4 | Facsimile:  (661) 324-1352

5 | LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074) | dalekgalipo@yahoo.com
6 | Thomas C. Seabaugh, Esq. (SBN 272458) | tseabaugh@galipolaw.com
21800 Burbank Boulevard, Suite 310
7 | Woodland Hills, CA 91367
Telephone:  (818) 347-3333
8 | Facsimile:  (818) 347-4118

9 | *Attorneys for Plaintiffs*

10 | UNITED STATES DISTRICT COURT

11 | EASTERN DISTRICT OF CALIFORNIA

12 | D.G., et al.,

Case No. 1:15-cv-00760-JAM-JLT

13 | Plaintiffs,

*Hon. John A. Mendez*

14 | v.

15 | **ORDER GRANTING JOINT STIPULATION TO FILE AMENDED PLEADING**

16 | COUNTY OF KERN, et al.,

17 | Defendants.

PROPOSED ORDER

1                                    Order

2        The Court is in receipt of a signed joint stipulation submitted by the parties.

3  In accord with the parties' joint request, good cause having been shown, this Court

4  hereby orders as follows:

5        1.      Plaintiffs' request for leave to file a First Amended Complaint is

6                GRANTED;

7        2.      Plaintiffs shall file their proposed First Amended Complaint within

8                seven (7) calendar days from the date this ORDER is entered;

9        3.      Upon filing, the First Amended Complaint shall serve as the operative

10               complaint in this action.

11

12       IT IS SO ORDERED.

13

14       Dated: September 1, 2015        _____

15                                       Hon. John A. Mendez

16

17

18

19

20

21

22

23

24

25

26

27

28

1   CHAIN | COHN | STILES
    Matthew C. Clark, Esq. (SBN 218784) | mclark@chainlaw.com
2   Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com
    1731 Chester Avenue
3   Bakersfield, CA 93301
    Telephone:   (661) 323-4000
4   Facsimile:   (661) 324-1352

5   LAW OFFICES OF DALE K. GALIPO
    Dale K. Galipo, Esq. (SBN 144074) | dalekgalipo@yahoo.com
6   Thomas C. Seabaugh, Esq. (SBN 272458) | tseabaugh@galipolaw.com
    21800 Burbank Boulevard, Suite 310
7   Woodland Hills, CA 91367
    Telephone:   (818) 347-3333
8   Facsimile:   (818) 347-4118

9   *Attorneys for Plaintiffs*

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF CALIFORNIA

12  D.G., et al.,                          Case No. 1:15-cv-00760-JAM-JLT

13              Plaintiffs,                 *Hon. John A. Mendez*

14                                          **JOINT STIPULATION TO FILE**
       v.                                   **AMENDED PLEADING**
15
16  COUNTY OF KERN, et al.,                 *(proposed order submitted herewith)*

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    Come now all parties by and through their respective attorneys of record and
2  hereby stipulate as follows:

3    Whereas, in the spirit of civility and professionalism, and with an eye to
4  bringing this case to trial as quickly and economically as possible, the parties wish
5  to help streamline this litigation by seeking this proposed order. Plaintiffs seek leave
6  to file a First Amended Complaint. Defendants do not oppose the filing of a First
7  Amended Complaint, although they reserve their right to file a motion to dismiss.
8  The parties submit that good cause exists because Plaintiffs only recently discovered
9  the name of the officer involved in the shooting, because no party will be
10 prejudiced, because the litigation will be expedited, and because the resources of the
11 parties and the Court will be conserved. Specifically, the parties stipulate that:

12    1.  Plaintiffs may file a First Amended Complaint. Specifically, Plaintiffs seek to
13        file a First Amended Complaint naming Robert Reed as a defendant.
14        Defendants do not oppose Plaintiffs' request for leave to amend. Plaintiffs'
15        proposed First Amended Complaint is attached as Exhibit "A."

16    2.  Plaintiffs shall file their proposed First Amended Complaint within seven (7)
17        calendar days from the date the proposed order is entered;

18    3.  Upon filing, the First Amended Complaint shall serve as the operative
19        complaint in this action.
20        //

21
22
23
24
25
26
27
28

-1-

1    SO STIPULATED.

2    DATED:  August 31, 2015          LAW OFFICES OF DALE K. GALIPO

3

4

5

6                                    By /s/ Thomas C. Seabaugh

7                                       Thomas C. Seabaugh
                                        Attorneys for Plaintiffs
8

9

10   DATED:  August 31, 2015          KERN COUNTY COUNSEL'S OFFICE

11

12

13                                   By /s/ Andrew C. Thomson

14                                      Andrew C. Thomson
                                        Deputy County Counsel
15                                      Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       -2-

Exhibit ''A''

1  CHAIN | COHN | STILES
   Matthew C. Clark, Esq. (SBN 218784) | mclark@chainlaw.com
2  Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com
   1731 Chester Avenue
3  Bakersfield, CA 93301
   Telephone:  (661) 323-4000
4  Facsimile:  (661) 324-1352

5  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074) | dalekgalipo@yahoo.com
6  Thomas C. Seabaugh, Esq. (SBN 272458) | tseabaugh@galipolaw.com
   21800 Burbank Boulevard, Suite 310
7  Woodland Hills, CA 91367
   Telephone:  (818) 347-3333
8  Facsimile:  (818) 347-4118

9  *Attorneys for Plaintiffs*

10              UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12 | D.G., a minor, by and through his | Case No. 1:15-cv-00760-JAM-JLT
   guardian *ad litem*, Denise Bonilla,
13 individually and as successor-in-interest | *Hon. John A. Mendez*
14 to David Garcia, deceased;
   D.E.G., a minor, by and through her | **[PROPOSED] FIRST AMENDED**
15 guardian *ad litem*, Denise Bonilla, | **COMPLAINT FOR DAMAGES**
   individually and as successor-in-interest
16 to David Garcia, deceased; | 1. Fourth Amendment—Excessive
17 G.D., a minor, by and through her | Force (42 U.S.C. § 1983)
   guardian *ad litem*, Denise Bonilla, | 2. Substantive Due Process (42
18 individually and as successor-in-interest | U.S.C. § 1983)
19 to David Garcia, deceased; | 3. Municipal Liability—Ratification
   RAMONA RAMIREZ NUNEZ, | (42 U.S.C. § 1983)
20 individually; | 4. Municipal Liability—Inadequate
21                Plaintiffs, | Training (42 U.S.C. § 1983)
                              | 5. Municipal Liability—
22       v. | Unconstitutional Custom, Practice,
23 | or Policy (42 U.S.C. § 1983)
   COUNTY OF KERN; | 6. Battery (Wrongful Death)
24 ROBERT REED; | 7. Negligence (Wrongful Death)
   DOES 2 THROUGH 10; | 8. Violation of Cal. Civil Code § 52.1
25 | 9. Negligent Infliction of Emotional
26                Defendants. | Distress
27 
28 | **DEMAND FOR JURY TRIAL**

---

FIRST AMENDED COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs D.G., a minor, by and through his guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; D.E.G., a minor, by and through her guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; G.D. , a minor, by and through her guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; and RAMONA RAMIREZ NUNEZ, individually; for their First Amended Complaint against Defendants County of Kern, Defendant Robert Reed, and Does 2-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal shooting of the Plaintiffs' loved one.

FIRST AMENDED COMPLAINT FOR DAMAGES

## PARTIES

4.  At all relevant times, David Garcia ("DECEDENT") was an individual residing in the County of Kern, California.

5.  Plaintiff D.G. is a minor individual residing in the County of Kern, California and is the natural son of DECEDENT.  Plaintiff D.G. sues both in his individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  Plaintiff D.G. seeks both survival and wrongful death damages under federal and state law. Denise Bonilla is the natural mother of D.G..

6.  Plaintiff D.E.G. is a minor individual residing in the County of Kern, California and is the natural daughter of DECEDENT.  Plaintiff D.E.G. sues both in her individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  Plaintiff D.E.G. seeks both survival and wrongful death damages under federal and state law. Denise Bonilla is the natural mother of D.E.G..

7.  Plaintiff G.D. is a minor individual residing in the County of Kern, California. Plaintiff G.D. is not the biological daughter of DECEDENT, but DECEDENT held her out ever since she was an infant as his own daughter.  She called DECEDENT "Daddy," and he had her name tattooed on his body.  Plaintiff G.D. contends that she is the decedent's heir and successor in interest.  Accordingly, Plaintiff G.D. sues both in her individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  Plaintiff G.D. seeks both survival and wrongful death damages under federal and state law. Denise Bonilla is the natural mother of G.D.

8.  Denise Bonilla is the natural mother and proposed guardian *ad litem* of D.E.G., D.G., and G.D..

9.  Plaintiff RAMONA RAMIREZ NUNEZ is the natural mother of DECEDENT.

-2-

1      10.    At all relevant times, Defendant COUNTY OF KERN ("COUNTY")

2 was and is a municipal corporation existing under the laws of the State of California.

3 COUNTY is a chartered subdivision of the State of California with the capacity to

4 be sued.  COUNTY is responsible for the actions, omissions, policies, procedures,

5 practices, and customs of its various agents and agencies, including the Kern County

6 Sheriff's Department and its agents and employees.  At all relevant times, Defendant

7 COUNTY was responsible for assuring that the actions, omissions, policies,

8 procedures, practices, and customs of its employees and agents complied with the

9 laws of the United States and of the State of California.  At all relevant times,

10 COUNTY was the employer of Defendants DOES 2-10.

11      11.    Defendant Robert Reed ("Defendant Reed") is a sheriff's deputy with

12 the Kern County Sheriff's Office ("KCSO"). Defendants DOES 2-10 ("DOE

13 DEPUTIES") are sheriff's deputies or other employees of the KCSO.  At all

14 relevant times, Defendant Reed and DOE DEPUTIES were acting under color of

15 law within the course and scope of their duties as sheriff's deputies at KCSO.  At all

16 relevant times, Defendant Reed and DOE DEPUTIES were acting with the complete

17 authority and ratification of their principal, Defendant COUNTY.

18      12.    On information and belief, Defendant Reed and DOE DEPUTIES were

19 residents of the County of Kern.

20      13.    In doing the acts and failing and omitting to act as hereinafter

21 described, Defendant Reed and DOE DEPUTIES were acting on the implied and

22 actual permission and consent of COUNTY.

23      14.    The true names and capacities of the DOE DEPUTIES are unknown to

24 Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs

25 will seek leave to amend this complaint to show the true names and capacities of

26 these Defendants when they have been ascertained.  Each of the fictitiously-named

27 Defendants is responsible in some manner for the conduct or liabilities alleged

28 herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every DOE DEPUTY.

16.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendant COUNTY and its agents ratified all of the acts complained of herein.

17.     Defendant Reed and DOE DEPUTIES are sued in their individual capacities.

18.     Plaintiffs filed comprehensive and timely claims for damages on March 18, 2015 with COUNTY pursuant to applicable sections of the California Government Code.  COUNTY rejected said claims by operation of law on May 1, 2015.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 of this First Amended Complaint with the same force and effect as if fully set forth herein.

20.     On the morning of January 26, 2015, Decedent, Plaintiff D.G., Plaintiff D.E.G., Plaintiff G.D., and Denise Bonilla were all at 1134 E Street, in Wasco, California.  Denise Bonilla called the Kern County Sheriff's Office (KCSO) because Decedent was not behaving normally.  Shortly thereafter, several KCSO deputies, including DOE DEPUTIES, arrived on scene.  At all relevant times, all KCSO deputies involved in this incident were acting in the course and scope of their employment with KCSO and COUNTY.

-4-

1      21.     After arriving on scene, KCSO deputies encountered the DECEDENT,

2   who was holding a folding knife.  The DECEDENT was apparently in mental

3   distress, but he was not attempting to hurt anyone with the knife.  In violation of

4   their training, Defendant Reed and DOE DEPUTIES failed to de-escalate the

5   situation. Instead, one of the DOE DEPUTIES fired a taser at DECEDENT, causing

6   DECEDENT to drop the folding knife.

7      22.     After DECEDENT dropped the knife, Denise Bonilla picked it up. At

8   that point, Defendant Reed and DOE DEPUTIES knew that DECEDENT no longer

9   had the knife and was unarmed.  After Denise Bonilla picked up the knife,

10   DECEDENT attempted to run from the deputies.

11      23.     After DECEDENT took one or two steps outside the front door,

12   Defendant Reed shot Decedent with a firearm. At the time he was shot,

13   DECEDENT was unarmed and had nothing in his hands. He did not present an

14   immediate danger of death or serious bodily injury to himself or anyone else.

15   Plaintiffs D.G., D.E.G., and G.D. watched their father being shot.

16      24.     Plaintiffs contend that Defendant Reed and DOE DEPUTIES used

17   excessive and unreasonable force against DECEDENT under the circumstances,

18   including shooting him with firearms when he was unarmed and attempting to evade

19   Defendant Reed and DOE DEPUTIES, or integrally participated or failed to

20   intervene in the shooting. Plaintiffs also contend that Defendant Reed and DOE

21   DEPUTIES were negligent in handling the situation involving DECEDENT,

22   causing DECEDENT's death and emotional harm to Plaintiffs.  Plaintiffs also make

23   claims against Defendant Reed and DOE DEPUTIES for battery, wrongful death,

24   and violations of the Tom Bane Civil Rights Act (Cal. Civil Code § 52.1).

25      25.     Pursuant to Government Code Section 815.2, County of Kern is

26   vicariously liable for the torts of Defendant Reed and DOE DEPUTIES while in the

27   course and scope of their employment with KCSO and the County of Kern.

28

FIRST AMENDED COMPLAINT FOR DAMAGES

26. Plaintiffs D.G., D.E.G., and G.D. witnessed their father being shot by Defendant Reed and DOE DEPUTIES. All three children have suffered emotional distress as a result of what they witnessed.

27. Plaintiff D.G. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural son of DECEDENT.

28. Plaintiff D.E.G. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

29. Plaintiff G.D. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as a child that the DECEDENT held out as his own daughter.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Against Defendant Reed and DOE DEPUTIES)

30. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of this First Amended Complaint with the same force and effect as if fully set forth herein.

31. Defendant Reed used excessive and unreasonable force against DECEDENT when he shot and killed him. The unjustified shooting of DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES

32.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

33.    The conduct of Defendant Reed was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Reed.

34.    DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting.  Alternatively, the shooting and use of force by Defendant Reed violated his training and standard KCSO training.

35.    Defendant Reed and DOE DEPUTIES are each liable for DECEDENT's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

36.    Plaintiffs D.G., D.E.G., and G.D. bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs D.G., D.E.G., and G.D. also seek funeral and burial expenses and attorney's fees.

## **SECOND CLAIM FOR RELIEF**
### **Substantive Due Process (42 U.S.C. § 1983)**
(Against Defendant Reed and DOE DEPUTIES)

37.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this First Amended Complaint with the same force and effect as if fully set forth herein.

38.    Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock

-7-

1   the conscience, including unwarranted state interference in Plaintiffs' familial

2   relationship with their loved one and family member, DECEDENT.

3       39.    DECEDENT had a cognizable interest under the Due Process Clause of

4   the Fourteenth Amendment of the United States Constitution to be free from state

5   actions that deprive him of life, liberty, or property in such a manner as to shock the

6   conscience.

7       40.    The aforementioned actions of Defendant Reed and DOE DEPUTIES,

8   along with other undiscovered conduct, shock the conscience, in that they acted with

9   deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and

10   with purpose to harm unrelated to any legitimate law enforcement objective.

11       41.    As a direct and proximate result of these actions, DECEDENT was

12   harmed, experienced pain and suffering, and died. Defendant Reed and DOE

13   DEPUTIES thus violated the substantive due process rights of Plaintiffs to be free

14   from unwarranted interference with their familial relationship with DECEDENT.

15       42.    As a direct and proximate cause of the acts of Defendant Reed and

16   DOE DEPUTIES, Plaintiffs suffered emotional distress, mental anguish, and pain.

17   Plaintiffs have also been deprived of the life-long love, companionship, comfort,

18   support, society, care, and sustenance of DECEDENT, and will continue to be so

19   deprived for the remainder of their natural lives.

20       43.    The conduct of Defendant Reed and DOE DEPUTIES was willful,

21   wanton, malicious, and done with reckless disregard for the rights and safety of

22   DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and

23   punitive damages as to Defendant Reed and DOE DEPUTIES.

24       44.    Defendant Reed and DOE DEPUTIES are each liable for

25   DECEDENT's injuries, either because they engaged in the above conduct; because

26   they were integral participants in the above conduct; or because they failed to

27   intervene to prevent the above conduct.

28

-8-

45.     Plaintiffs D.G., D.E.G., G.D., and RAMONA RAMIREZ NUNEZ
bring this claim individually. Plaintiffs D.G., D.E.G., and G.D. also bring this claim
as successors-in-interest to DECEDENT.

46.     Plaintiffs seek both survival and wrongful death damages.  Plaintiffs
also seek funeral and burial expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendant COUNTY)

47.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
through 46 of this First Amended Complaint with the same force and effect as if
fully set forth herein.

48.     Defendant Reed and DOE DEPUTIES acted under color of law.

49.     The acts of Defendant Reed and DOE DEPUTIES deprived
DECEDENT and Plaintiffs of their particular rights under the United States
Constitution.

50.     Upon information and belief, a final policymaker, acting under color of
law, who had final policymaking authority concerning the acts of Defendant Reed
and DOE DEPUTIES, ratified (or will ratify) their unconstitutional acts and the
bases for them. Upon information and belief, the final policymaker knew of and
specifically approved of (or will specifically approve of) these unconstitutional acts.

51.     Upon information and belief, a final policymaker has determined (or
will determine) that the unconstitutional acts of Defendant Reed and DOE
DEPUTIES were "within policy."

52.     By reason of the aforementioned acts and omissions, Plaintiffs have
suffered loss of the love, companionship, affection, comfort, care, society, training,
guidance, and past and future support of DECEDENT.  The aforementioned acts and

1  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

2  and death.

3      53.     Accordingly, Defendant COUNTY is directly liable to Plaintiffs for

4  compensatory damages under 42 U.S.C. § 1983.

5      54.     Plaintiffs D.G., D.E.G., G.D., and RAMONA RAMIREZ NUNEZ

6  bring this claim individually. Plaintiffs D.G., D.E.G., and G.D. also bring this claim

7  as successors-in-interest to DECEDENT.

8      55.     Plaintiffs seek both survival and wrongful death damages under this

9  claim. Plaintiffs also seek attorney's fees under this claim. Plaintiffs also claim

10  funeral and burial expenses.

11

12                    **FOURTH CLAIM FOR RELIEF**

13       **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

14                    (Against Defendant COUNTY)

15      56.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

16  through 55 of this First Amended Complaint with the same force and effect as if

17  fully set forth herein.

18      57.     Defendant Reed and DOE DEPUTIES acted under color of law.

19      58.     The acts of Defendant Reed and DOE DEPUTIES deprived

20  DECEDENT and Plaintiffs of their particular rights under the United States

21  Constitution.

22      59.     The training policies of Defendant COUNTY were not adequate to

23  train its deputies to handle the usual and recurring situations with which they must

24  deal.

25      60.     Defendant COUNTY was deliberately indifferent to the obvious

26  consequences of its failure to train its deputies adequately.

27      61.     The failure of Defendant COUNTY to provide adequate training caused

28  the deprivation of the Plaintiffs' rights by Defendant Reed and DOE DEPUTIES;

1   that is, COUNTY's failure to train is so closely related to the deprivation of the

2   Plaintiffs' rights as to be the moving force that caused the ultimate injury.

3        62.    By reason of the aforementioned acts and omissions, Plaintiffs have

4   suffered loss of the love, companionship, affection, comfort, care, society, training,

5   guidance, and past and future support of DECEDENT.  The aforementioned acts and

6   omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

7   and death.

8        63.    Accordingly, Defendant COUNTY is liable to Plaintiffs for

9   compensatory damages under 42 U.S.C. § 1983.

10       64.    Plaintiffs D.G., D.E.G., G.D., and RAMONA RAMIREZ NUNEZ

11  bring this claim individually. Plaintiffs D.G., D.E.G., and G.D. also bring this claim

12  as successors-in-interest to DECEDENT.

13       65.    Plaintiffs seek both survival and wrongful death damages under this

14  claim. Plaintiffs also seek attorney's fees under this claim. Plaintiffs also claim

15  funeral and burial expenses.

16

17              **FIFTH CLAIM FOR RELIEF**

18  **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

19                    (Against Defendant County)

20       66.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

21  through 65 of this First Amended Complaint with the same force and effect as if

22  fully set forth herein.

23       67.    Defendant Reed and DOE DEPUTIES acted under color of law;

24       68.    Defendant Reed and DOE DEPUTIES acted pursuant to an expressly

25  adopted official policy or a longstanding practice or custom of the Defendant

26  COUNTY.

27

28

-11-

FIRST AMENDED COMPLAINT FOR DAMAGES

1    69.    On information and belief, Defendant Reed and DOE DEPUTIES were

2  not disciplined, reprimanded, retrained, suspended, or otherwise penalized in

3  connection with Decedent's death.

4    70.    Defendants COUNTY and Defendant Reed and DOE DEPUTIES,

5  together with other COUNTY policymakers and supervisors, maintained, inter alia,

6  the following unconstitutional customs, practices, and policies:

7        (a)    Using excessive force, including excessive deadly force;

8        (b)    Providing inadequate training regarding the use of deadly force;

9        (c)    Employing and retaining as police officers individuals such as

10            Defendant Reed and DOE DEPUTIES, who Defendant

11            COUNTY at all times material herein knew or reasonably should

12            have known had dangerous propensities for abusing their

13            authority and for using excessive force;

14        (d)    Inadequately supervising, training, controlling, assigning, and

15            disciplining COUNTY deputies, and other personnel, including

16            Defendant Reed and DOE DEPUTIES, who Defendant

17            COUNTY knew or in the exercise of reasonable care should

18            have known had the aforementioned propensities and character

19            traits;

20        (e)    Maintaining grossly inadequate procedures for reporting,

21            supervising, investigating, reviewing, disciplining and

22            controlling misconduct by COUNTY deputies, including

23            Defendant Reed and DOE DEPUTIES;

24        (f)    Failing to adequately discipline COUNTY police deputies,

25            including Defendant Reed and DOE DEPUTIES, for the above-

26            referenced categories of misconduct, including "slaps on the

27            wrist," discipline that is so slight as to be out of proportion to the

28

1             magnitude of the misconduct, and other inadequate discipline

2             that is tantamount to encouraging misconduct;

3       (g)    Announcing that unjustified shootings are "within policy,"

4             including shootings that were later determined in court to be

5             unconstitutional;

6       (h)    Even where shootings are determined in court to be

7             unconstitutional, refusing to discipline, terminate, or retrain the

8             officers involved;

9       (i)    Encouraging, accommodating, or facilitating a "blue code of

10             silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

11             or simply "code of silence," pursuant to which deputies do not

12             report other deputies' errors, misconduct, or crimes. Pursuant to

13             this code of silence, if questioned about an incident of

14             misconduct involving another officer, while following the code,

15             the deputy being questioned will claim ignorance of the other

16             deputies' wrongdoing.

17       (j)    Maintaining a policy of inaction and an attitude of indifference

18             towards soaring numbers of deputy-involved shootings,

19             including by failing to discipline, retrain, investigate, terminate,

20             and recommend officers for criminal prosecution who participate

21             in shootings of unarmed people.

22      71.    The aforementioned unconstitutional customs, practices, and polices, in

23 addition to the ratification of the deficient customs, practices, and policies, are

24 evidenced by the number of prior shootings, which constituted excessive force,

25 involving sheriffs' deputies working for the Kern County Sheriff's Department. The

26 following cases, without limitation, are examples of continued misconduct by

27 sheriff's deputies working for the Kern County Sheriff's Department:

28

(a) The deadly and unjustified shooting of David Lee Turner by KSCO Deputy Wesley Kraft on July 10, 2011 at a Fastrip convenience store on Niles Street and Mount Vernon Avenue.

(b) The beating and in-custody death of David Silva in May 2013. Silva, an unarmed man in mental distress, was killed by deputies who struck him repeatedly in the head with a baton and then asphyxiated him by restraining him in a prone position with weight on his back. KCSO deputies then attempted to cover up the killing by confiscating and deleting video footage from bystanders' cellphones.

(c) Ronnie Ledesma died in August 2013 following a beating at the hands of KCSO deputies, during which KSCO deputies struck him with batons, used improper control holds, and caused him to be bitten by a police dog.

(d) Jose Lucero died in December 2010 following a beating at the hands of KCSO deputies that included shocking him 29 times with a taser and hitting him 33 times with batons.

(e) On January 3, 2014 KSCO Deputy Chris Strunc opened fire without justification at a vehicle that he was attempting to pursue.

72. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

73. Defendants COUNTY, Defendant Reed, and DOES 2-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said

-14-

1   officials also acted with deliberate indifference to the foreseeable effects and

2   consequences of these policies with respect to the constitutional rights of

3   DECEDENT, Plaintiffs, and other individuals similarly situated.

4       74.    By perpetrating, sanctioning, tolerating and ratifying the outrageous

5   conduct and other wrongful acts, Defendant Reed and DOE DEPUTIES acted with

6   intentional, reckless, and callous disregard for the life of DECEDENT and for

7   DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies,

8   practices, and customs implemented, maintained, and still tolerated by Defendants

9   COUNTY and Defendant Reed and DOE DEPUTIES were affirmatively linked to

10  and were a significantly influential force behind the injuries to DECEDENT and

11  Plaintiffs.

12      75.    Accordingly, Defendant COUNTY is liable to Plaintiffs for

13  compensatory damages under 42 U.S.C. § 1983.

14      76.    Plaintiffs D.G., D.E.G., G.D., and RAMONA RAMIREZ NUNEZ

15  bring this claim individually. Plaintiffs D.G., D.E.G., and G.D. also bring this claim

16  as successors-in-interest to DECEDENT.

17      77.    Plaintiffs seek both survival and wrongful death damages under this

18  claim. Plaintiffs also seek attorney's fees under this claim. Plaintiffs also claim

19  funeral and burial expenses.

20

21                          **SIXTH CLAIM FOR RELIEF**

22                                  **Battery**

23                              (Wrongful Death)

24                          (Against All Defendants)

25      78.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

26  through 77 of this First Amended Complaint with the same force and effect as if

27  fully set forth herein.

28

                                    -15-

79. Defendant Reed and DOE DEPUTIES, while working as sheriff's deputies, and acting within the course and scope of their duties, intentionally shot DECEDENT and used unreasonable and excessive force against him. As a result of the actions of Defendant Reed and DOE DEPUTIES, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. Defendant Reed and DOE DEPUTIES had no legal justification for using force against DECEDENT.

80. As a result of the actions of Defendant Reed and DOE DEPUTIES, Plaintiffs were deprived of the lifelong love, companionship, comfort, support, society, care, sustenance, training, and guidance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

81. The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. The conduct of Defendant Reed and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

83. Plaintiffs D.G., D.E.G., and G.D. bring this claim individually and as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages under this claim.

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES

**SEVENTH CLAIM FOR RELIEF**

**Negligence**

(Wrongful Death)

(Against All Defendants)

84.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 83 of this First Amended Complaint with the same force and effect as if fully set forth herein.

85.     Police deputies, including Defendant Reed and DOE DEPUTIES, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings where feasible, not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

86.     Defendant Reed and DOE DEPUTIES breached this duty of care. Upon information and belief, the actions and inactions of Defendant Reed and DOE DEPUTIES were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)     the negligent use of force against DECEDENT;

(d)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(e)     upon information and belief, the negligent handling of evidence and witnesses; and

(f)     the negligent communication of (or failure to communicate) information during the incident.

FIRST AMENDED COMPLAINT FOR DAMAGES

87.   As a direct and proximate result of this conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was harmed.  Also as a direct and proximate result of this conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs D.G., D.E.G., G.D. also have been deprived of the life-long love, companionship, comfort, support, society, care, sustenance, training, and guidance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

88.   The COUNTY is vicariously liable for the wrongful acts of Defendant Reed and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.   Plaintiffs D.G., D.E.G., G.D. bring this claim individually and as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(Against all Defendants)

90.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 89 of this First Amended Complaint with the same force and effect as if fully set forth herein.

91.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

92.   On information and belief, Defendant Reed and DOE DEPUTIES, while working for COUNTY, and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against

-18-

1   DECEDENT, including by shooting him without justification or excuse or by

2   integrally participating and failing to intervene in the above violence.

3       93.    When Defendant Reed and DOE DEPUTIES shot DECEDENT, they

4   interfered with his civil rights to be free from unreasonable searches and seizures, to

5   due process, to equal protection of the laws, to medical care, to be free from state

6   actions that shock the conscience, and to life, liberty, and property.

7       94.    On information and belief, Defendant Reed and DOE DEPUTIES

8   intentionally and spitefully committed the above acts to discourage DECEDENT

9   from exercising his civil rights, to retaliate against him for invoking such rights, or

10   to prevent him from exercising such rights, which he was fully entitled to enjoy.

11       95.    On information and belief, DECEDENT reasonably believed and

12   understood that the violent acts committed by Defendant Reed and DOE

13   DEPUTIES, inclusive were intended to discourage him from exercising the above

14   civil rights, to retaliate against him for invoking such rights, or to prevent him from

15   exercising such rights.

16       96.    Defendant Reed and DOE DEPUTIES successfully interfered with the

17   above civil rights of DECEDENT.

18       97.    The conduct of Defendant Reed and DOE DEPUTIES was a substantial

19   factor in causing the above harms, losses, injuries, and damages.

20       98.    The COUNTY is vicariously liable for the wrongful acts of Defendant

21   Reed and DOE DEPUTIES pursuant to section 815.2(a) of the California

22   Government Code, which provides that a public entity is liable for the injuries

23   caused by its employees within the scope of the employment if the employee's act

24   would subject him or her to liability.

25       99.    The conduct of Defendant Reed and DOE DEPUTIES was malicious,

26   wanton, oppressive, and accomplished with a conscious disregard for

27   DECEDENT's rights, justifying an award of exemplary and punitive damages as to

28   Defendant Reed and DOE DEPUTIES.

FIRST AMENDED COMPLAINT FOR DAMAGES

1       100.   Plaintiffs D.G., D.E.G., and G.D. bring this claim as successors-in-

2 interest to the DECEDENT, and seek both survival and wrongful death damages,

3 together with statutory damages, under this claim.

4

5                    **NINTH CLAIM FOR RELIEF**

6              **Negligent Infliction of Emotional Distress**

7                (Against All Defendants)

8       101.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

9 through 100 of this First Amended Complaint with the same force and effect as if

10 fully set forth herein.

11       102.   The above-described conduct of Defendant Reed and DOE DEPUTIES

12 was outrageous. Specifically, Defendant Reed and DOE DEPUTIES shot and killed

13 Plaintiffs' father in front of Plaintiffs D.G., D.E.G., and G.D. who are minor

14 children. The outrageous conduct of Defendant Reed and DOE DEPUTIES caused

15 Plaintiffs D.G., D.E.G., and G.D. to suffer severe emotional distress.

16       103.   Defendant Reed and DOE DEPUTIES acted intentionally or

17 negligently or with reckless disregard of the probability that Plaintiffs D.G., D.E.G.,

18 and G.D. would suffer emotional distress.

19       104.   The conduct of Defendant Reed and DOE DEPUTIES was a substantial

20 factor in causing Plaintiffs D.G., D.E.G., and G.D.'s distress.

21       105.   Defendant Reed and DOE DEPUTIES are jointly responsible for the

22 severe emotional distress of Plaintiffs D.G., D.E.G., and G.D. because they shot

23 DECEDENT, they integrally participated in the shooting, or they failed to intervene.

24       106.   The COUNTY is vicariously liable for the wrongful acts of Defendant

25 Reed and DOE DEPUTIES pursuant to section 815.2(a) of the California

26 Government Code, which provides that a public entity is liable for the injuries

27 caused by its employees within the scope of the employment if the employee's act

28 would subject him or her to liability.

FIRST AMENDED COMPLAINT FOR DAMAGES

1    107.   The conduct of Defendant Reed and DOE DEPUTIES was malicious,

2  wanton, oppressive, and accomplished with a conscious disregard for the rights of

3  Plaintiffs D.G., D.E.G., and G.D., justifying an award of exemplary and punitive

4  damages as to Defendant Reed and DOE DEPUTIES.

5    108.   Plaintiffs D.G., D.E.G., and G.D. bring this claim individually.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

1

2 **<u>PRAYER FOR RELIEF</u>**

3     WHEREFORE, Plaintiffs request entry of judgment in their favor and against

4 Defendants County of Kern, Defendant Reed, and Does 2-10, inclusive, as follows:

5         A.    For compensatory damages in whatever amount may be proven

6               at trial, including both survival damages and wrongful death

7               damages under federal and state law;

8         B.    For funeral and burial expenses in an amount to be proven at

9               trial;

10         C.    For punitive damages against the individual defendants in an

11               amount to be proven at trial;

12         D.    For statutory damages;

13         E.    For interest;

14         F.    For reasonable attorney's fees, including litigation expenses;

15         G.    For costs of suit; and

16         H.    For such further relief as the Court may deem just, proper, and

17               appropriate.

18

19 DATED: [proposed]             LAW OFFICES OF DALE K. GALIPO

20

21                    By_____[proposed]_____

22                      Dale K. Galipo
                     Thomas C. Seabaugh
                     Attorneys for Plaintiff

23

24

25

26

27

28

-22-

1    **<u>DEMAND FOR JURY TRIAL</u>**

2        Plaintiffs hereby demand a trial by jury.

3

4    DATED: [proposed]                    LAW OFFICES OF DALE K. GALIPO

5

6                                   By_____[proposed]_____
                                        Dale K. Galipo
7                                       Thomas C. Seabaugh
                                        Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-