UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., a minor, by and through his guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; D.E.G., a minor, by and through her guardian ad litem Denise Bonilla, individually and as success-in-interest to David Garcia, deceased; G.D., a minor, by and through her guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; RAMONA RAMIREZ NUNEZ, individually,, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN; ROBERT REED, and DOES 2 THROUGH 10, inclusive, <br><br> Defendants. | No. 1:15-cv-0760-JAM-JLT <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' BANE ACT CLAIM** |

The Court held a hearing on Defendants' motion for summary judgment on October 4, 2016. During that hearing, the Court

1

1  denied Defendants' motion for summary judgment as to six of
2  Plaintiffs' causes of action.  The Court granted summary judgment
3  as to Plaintiffs' fourth and fifth causes of action.  The Court
4  indicated that it would issue an order addressing Plaintiffs'
5  eighth cause of action for violation of California Civil Code
6  § 52.2, also known as the "Bane Act."  The Court now denies
7  Defendants' motion for summary judgment on Plaintiffs' Bane Act
8  claim.
9
10                          I.   OPINION
11      The Court expressed concern about two issues regarding
12 Plaintiffs' Bane Act claim.  First, whether the children of
13 decedent, David Garcia ("Mr. Garcia"), have standing to bring a
14 Bane Act cause of action.  Second, whether when a plaintiff has
15 raised a triable issue of fact as to the existence of excessive
16 force, does that showing of excessive force suffice to enable
17 him to survive summary judgment on a Bane Act claim without
18 showing any independent threats or coercion.
19      A.   Standing
20      In Bay Area Rapid Transit Authority v. Superior Court, 38
21 Cal. App. 4th 141 (1995), the court held that parents of a
22 teenager killed by a BART police officer could not "include a
23 Bane Act cause of action in their lawsuit for wrongful death."
24 BART, 38 Cal. App. 4th at 144.  The BART court further stated
25 that "[t]he Bane Act is simply not a wrongful death provision.
26 It clearly provides for a personal cause of action for the
27 victim of a hate crime."  Id.  District courts have conclusively
28 held that BART "only precluded a wrongful death action under

2

§ 52.1 and did not preclude a survival action under § 52.1." Dela Torre v. City of Salinas, 2010 WL 3743762, at *7 (N.D. Cal. Sept. 17, 2010) (citing Moore v. Cty. of Kern, 2007 WL 2802167, at *5-6 (E.D. Cal. Sept. 23, 2007). "Unlike a wrongful death cause of action, a survival cause of action is not a new cause of action that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of action which belonged to the decedent before death, but by statute, survives the event." Moore, 2007 WL 2802167, at *6.

Here, Plaintiffs do not bring their Bane Act claim based on their own constitutional rights. Rather, they bring the Bane Act claim as successors-in-interest to Mr. Garcia, as indicated by their First Amended Complaint (ECF No. 21) and the declaration of Ms. Bonilla, the guardian ad litem for the three minor Plaintiffs. Plaintiffs therefore having standing to bring their Bane Act claim against Defendants as Mr. Garcia's successors-in-interest.

B.   Independent threats, intimidation, or coercion

The Bane Act "creates a right of action against any person who interferes by threat, intimidation, or coercion with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Barragan v. City of Eureka, 2016 WL 4549130, *7 (N.D. Cal. Sept. 1, 2016) (quoting Cal. Civ. Code § 52.1(a)) (internal quotation marks omitted). Here, the parties dispute the extent to which the Bane Act requires a showing of threats, intimidation, or coercion distinct from the underlying constitutional violation itself. Defendants argue that a Bane Act claim "[a]lthough

analogous to § 1983, is not tantamount to a § 1983 violation, requiring more than evidence of a violation of rights." Defs.' Mot. for Summ. J. at 19. At oral argument, counsel for Plaintiffs argued that a showing of the elements necessary for an excessive force claim suffice to state a Bane Act claim, and that Plaintiffs need not show any "intimidation, threats, or coercion" beyond the excessive force itself.

Much like the parties here, courts do not agree as to what a plaintiff is required to show to support a Bane Act claim. This disagreement stems from varying interpretation of Shoyoye v. Cty. of Los Angeles, 203 Cal.App.4th 947 (2012). In Shoyoye, the plaintiff was lawfully arrested and detained, but then wrongfully over-detained in the county jail for sixteen days because of an unintentional clerical error. Id. at 950. The Shoyoye court held that the Bane Act "requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." Id. at 959.

Some California and federal district courts have interpreted the holding in Shoyoye narrowly. In Jones v. Penhollow, 2014 WL 347033, *1 (Cal. Ct. App. Jan 31, 2014), California's Second District Court of Appeal held that Shoyoye applies only when the constitutional violation is due to "mere negligence rather than a volitional act intended to interfere with the exercise or enjoyment of a constitutional right." Id. at *11 (citing Shoyoye, 2013 Cal. App. 4th at 957-58). Federal district courts have similarly stated that "the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and Shoyoye applies only when the

4

conduct is unintentional." Barragan, 2016 WL 4549130 at *8 (citing Jones v. Cty. of Contra Costa, 2016 WL 1569974, at *6 (N.D. Cal. Apr. 19, 2016)); see also Dillman v. Tuolumne Cty., 2013 WL 1907379, at *21 (E.D. Cal. May 7, 2013). The Barragan court denied the defendant's motion for summary judgment on the plaintiff's Bane Act claim, stating that "allegations of excessive force are sufficient by themselves to allege a violation of the Bane Act." Barragan, 2016 WL 4549130 at *8.

Other federal district courts, however, have not construed Shoyoye so narrowly. A Central District of California court has held that "the Bane Act requires additional coercion" that goes "beyond the allegations of [a plaintiff's] § 1983 violations." Han v. City of Los Angeles, 2016 WL 2758241, *1 (C.D. Cal. May 12, 2016). Similarly, in Reese v. County of Sacramento, 2016 WL 3126055, *1 (E.D. Cal. Jun. 6, 2016), Judge Burrell issued an amended judgment following trial in favor of defendants on the plaintiff's Bane Act claim after Judge Burrell agreed with defendant's argument that the court had erred in failing to give the defendant's requested jury instruction on the Bane Act. Judge Burrell held "the jury instruction as given did not comport with the plain language of the Bane Act which requires that in this case [the plaintiff] demonstrate 'threat intimidation, or coercion' beyond the shooting itself." Reese, 2016 WL 3126055 at *13.

Neither the Ninth Circuit nor the California Supreme Court has spoken directly on this issue. The Ninth Circuit has held that the elements of an excessive force claim under § 52.1 are the same as under § 1983. Cameron v. Craig, 713 F.3d 1012, 1022

1  (9th Cir. 2013); Chaudhry v. City of Los Angeles, 751 F.3d 1096,
2  1105 (9th Cir. 2014). But, neither Cameron nor Chaudhry
3  addressed Shoyoye or its progeny and its does not appear that
4  the defendants in either case argued that a Bane Act claim
5  required a showing of threats, intimidation, or coercion
6  independent from the alleged constitutional violation itself.
7       This Court finds the distinction between intentional versus
8  unintentional conduct discussed in Barragan and Jones to be
9  persuasive. Unlike the defendants in Shoyoye, who unlawfully
10 detained the plaintiff because of an unintentional clerical
11 error, the facts in this case (taken in the light most favorable
12 to Plaintiffs) reveal that Officer Reed intentionally fired his
13 gun at Mr. Garcia. There is no contention that Officer Reed
14 accidentally shot Mr. Garcia. Because Officer Reed's action
15 which resulted in the constitutional violation was intentional,
16 Shoyoye does not apply. Plaintiffs need not show that any
17 additional threats or coercion occurred beyond the threats,
18 intimidation, and coercion inherent in the shooting itself.
19      Plaintiffs can maintain their Bane Act cause of action on
20 behalf of Mr. Garcia as his successors-in-interest.
21 Additionally, they do not have to show coercion, intimidation,
22 or threats beyond that already shown by the evidence regarding
23 the allegedly unlawful shooting of their father. Defendants'
24 motion for summary judgment on Plaintiffs' Bane Act claim is
25 denied.
26
27
28

II. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion for Summary Judgement as to Plaintiffs' Bane Act claim.

IT IS SO ORDERED.

Dated: October 11, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE